RECEIPT
AMOUNT $ 150
SUMMONS ISSUED MF
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. M
DATE 8-25-04

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES SILCOX AND JANET SILCOX, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Civil Action No._____<br>) |
| INTERSTATE BRANDS CORPORATION, | )<br>)<br>) |
| Defendant | )<br>) 04<br>) |

MAGISTRATE JUDGE Bowler

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, defendant Interstate Brands Corporation ("IBC") hereby gives notice of the removal of this action to this Court from the Trial Court of Massachusetts, District Court Department, Brockton Division. The grounds for removal are as follows.

1. IBC was served on July 29, 2004, with a Summons and Complaint relating to an action commenced by plaintiff in the Trial Court of Massachusetts, District Court Department, Brockton Division entitled *James Silcox and Janet Silcox v. Interstate Brands Corporation*, Civil Action No. 0415CV1401 ("the Action").

2. The Action is a civil action. In the Action, plaintiffs allege that IBC promised to provide "health insurance benefits at not cost for full medical coverage until James Silcox turned age sixty-five (65) under the Defendant's Benefit Plan." Plaintiffs also allege that IBC notified plaintiffs on or about January 1, 2004, that the plaintiffs "would be required to pay monthly premiums for their medical benefits coverage."

3.  Based on these allegations, plaintiff asserts two Counts seeking relief. In Count I, plaintiffs allege that IBC has breached an alleged contract to provide full medical coverage at no cost. In Count II, plaintiffs claim that IBC "negligently misrepresented that the Plaintiffs would be given full medical coverage at no cost."

4.  "Defendant's Benefit Plan" under which plaintiffs seek no-cost medical coverage is entitled the "Interstate Brands Companies Welfare Benefit Plan" (the "Plan"). The Plan is an "employee welfare benefit plan" as that term is defined under § 3(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"). *See* 29 U.S.C. § 1002(2)(1). Plaintiff James Silcox is a "participant" in the Plan, as that term is defined by § 3(7) of ERISA, and Plaintiff Janet Silcox is a "beneficiary" to the Plan, as that term is defined by § 3(8) of ERISA. *See* 29 U.S.C. §§ 1002(7), (8). The terms under which plaintiffs are entitled to participate in the Plan, including whether IBC can require participants and beneficiaries to bear part of the cost of participation in the Plan, are governed by the Plan.

5.  Plaintiffs' purported state law claims for breach of contract and negligent misrepresentation "relate to" an "employee welfare benefit plan," and, as a result, are preempted by § 514(a) of ERISA, 29 U.S.C. § 1144(a). Moreover, plaintiffs' only valid claims, if any, arise under § 502(a) of ERISA, 29 USC § 1132(a). Properly pleaded, plaintiffs' claims would be "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Or, plaintiffs' claims would be "(B) to obtain other equitable relief (i) to address such violation [of Title I of ERISA] or (ii) to enforce any provision of [Title I of ERISA]." 29 U.S.C. § 1132(a)(3)(B).

6. Because plaintiffs' claims, where not preempted altogether, are preempted and replaced with causes of action under ERISA § 502(a), this action is one of which the United States District Courts are given original jurisdiction by virtue of 28 U.S.C. § 1331, and ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1), in that plaintiffs' purported state law claims actually arise under ERISA, which is a law of the United States.

7. The United States District Court for District of Massachusetts is the appropriate court for filing a Notice of Removal because the Action is pending in Trial Court of Massachusetts, District Court Department, Brockton Division.

8. Accordingly, the Company seeks to remove the Action to the United States District Court for the District of Massachusetts.

9. Thirty days have not yet expired since IBC received copies of the Action purportedly setting forth plaintiffs' claims for relief.

10. Immediately upon filing this Notice of Removal, IBC will file a copy of the Notice with the Clerk of the Trial Court of Massachusetts, District Court Department, Brockton Division, and will provide written notice to counsel for plaintiff, all in accordance with 28 U.S.C. § 1446(d).

11. Copies of the complaint and summons served upon defendants in the state court Action are attached hereto as Exhibit A in accordance with 28 U.S.C. § 1446(a).

12. Under the provisions of 28 U.S.C. § 1441(b) and other applicable laws with which IBC is in compliance, this Action is removable to the United States District Court for the District of Massachusetts.

WHEREFORE, IBC hereby gives notice of the removal of the Action now pending in the Trial Court of Massachusetts, District Court Department, Brockton Division entitled *James*

*Silcox and Janet Silcox v. Interstate Brands Corporation*, Civil Action No. 0415CV1401, to this Court.

Dated: August 25, 2004

          INTERSTATE BRANDS CORPORATION,
          By their attorneys,

By: _____
          Robert L. Harris, Esq. (BBO#644829)
          BROWN RUDNICK BERLACK
          ISRAELS LLP
          One Financial Center
          Boston, Massachusetts  02111
          (617) 856-8200

          and

          Scott C. Hecht, Esq.
          STINSON MORRISON HECKER LLP
          1201 Walnut Street, Suite 2200
          Kansas City, Missouri 64106-2150
          (816) 842-8600 Telephone
          (816) 691-3495 Facsimile
          shecht@stinson.com

### CERTIFICATE OF MAILING

I, Robert L. Harris, hereby certify that a copy of the foregoing Notice of Removal was mailed, postage prepaid to:

          David S. Slutsky, Esq.
          Slutsky & Slutsky,
          450 Pleasant Street, Suite 6,
          Brockton, Massachusetts, 02301

          _____
          Robert L. Harris

Dated: August 25, 2004

#1296125 v\1 - harrisrl - rs3h01!.doc!] - 9999/1

- 4 -

Exhibit A

Case 1:04-cv-11848-DPW    Document 1    Filed 08/25/2004    Page 5 of 11

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.
DISTRICT COURT DEPARTMENT
BROCKTON DIVISION
CIVIL ACTION NO:

JAMES SILCOX AND JANET SILCOX )
)
)
VS. )
)
INTERSTATE BRANDS CORPORATION )

## COMPLAINT

1. The Plaintiff, James Silcox, is an individual residing at 200 Cove Way, Unit #904, Quincy, Norfolk County, Massachusetts, 02169.

2. The Plaintiff, Janet Silcox, is an individual residing at 200 Cove Way, Unit #904, Quincy, Norfolk County, Massachusetts, 02169.

3. The Defendant, Interstate Brands Corporation, is a foreign corporation with an office located at 12 E Armour Boulevard, Kansas City, Missouri, and its resident agents is CT Corporation System, 101 Federal Street, Boston, Massachusetts, 02110.

## COUNT I

## BREACH OF CONTRACT

4. On or about March 27, 2000, as part of the James Silcox retirement contract from the Defendant and in consideration of James Silcox's early retirement, James Silcox and Janet Silcox were to receive health insurance benefits at no cost for full medical coverage until James Silcox turned age sixty-five (65) under the Defendant's Benefit Plan, which James Silcox retired.

5. On or about January 1, 2004, the Defendant notified the Plaintiffs that the Plaintiffs would be required to pay monthly premiums for their medical benefits coverage.

6. Said requirement of Plaintiffs to pay premiums and Interstate Brands Corporation's failure to provide full medical coverage at no cost to the Plaintiffs, constitute a breach of the retirement contract by the Defendant.

7. As a direct result of the breach of contract by the Defendant's, the Plaintiffs have suffered damages.

WHEREFORE, the Plaintiffs, James Silcox and Janet Silcox, demand judgment against the Defendant, Interstate Brands Corporation, in an amount to be determined by the Court after a trial on the merits plus interest, costs, and attorney's fees.

## COUNT II

## NEGLIGENT MISREPRESENTATIONS

8. The Plaintiffs reallage Paragraphs 1 through 7 and incorporates them herein as if specifically set forth.

9. The Defendant negligently misrepresented that the Plaintiffs would be given full medical coverage at no cost.

10. The Plaintiffs relied on the Defendant's representations to their detriment.

11. As a result of the Defendant's negligent misrepresentations, the Plaintiffs have suffered damages.

WHEREFORE, the Plaintiffs, James Silcox and Janet Silcox, demand judgment against the Defendant, Interstate Brands Corporation, in an amount to be determined by the Court after a trial on the merits plus interest, costs, and attorney's fees.

The Plaintiffs,
James Silcox and Janet Silcox,
By Their Attorney,

David S. Slutsky, Esq.
Slutsky & Slutsky
450 Pleasant Street, Suite 6
Brockton, MA 02301
(508)587-3300
BBO# 467080

Dated: July 16, 2004

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.

DISTRICT COURT DEPARTMENT
BROCKTON DIVISION
CIVIL ACTION NO:

JAMES SILCOX AND JANET SILCOX )
)
)
VS. )
)
INTERSTATE BRANDS CORPORATION )

## STATEMENT OF DAMAGES

(x) Plaintiffs ( ) Defendant ( ) Other (specify)_____ in the above captioned action, hereby asserts that the money damages sought by means if the (x) complaint ( ) crossclaim ( ) counterclaim to which this statement of damages is attached, amount to $20,000.00.

Signed: _____
David S. Slutsky

Uniform Form DCM-13
AR4-76

# Commonwealth of Massachusetts



TRIAL COURT OF MASSACHUSETTS
DISTRICT COURT DEPARTMENT
BROCKTON DIVISION

Plymouth, ss                                             Civil Action No. 0415CV1401

## SUMMONS
(Rule 4)

To defendant **Interstate Brands Corporation c/o CT Corporation System** of **101 Federal Street, Boston, MA 02110**
              (NAME)                                              (ADDRESS)

You are hereby summoned and required to serve upon **David S. Slutsky**, plaintiff(s) attorney), whose address is **450 Pleasant Street, Suite 6, Brockton, MA 02301** a copy of your answer to the complaint which is herewith served upon you, within 20 days after service of this summons, exclusive of the day of service. You are also required to file your answer to the complaint in the office of the Clerk of this court either before service upon plaintiff('s attorney), or within 5 days thereafter. If you fail to meet the above requirements, judgment by default may be rendered against you for the relief demanded in the complaint. You need not appear personally in court to answer the complaint.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will be barred from making such claim in any other action.

WITNESS, David G. Nagle, First Justice, on **July 23, 2004**.
                                              (Date)

SEAL
                                                              _____
                                                                   Clerk/Magistrate

Note: (1) When more than one defendant is involved, the name of all defendants should appear in the action. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

(2) The number assigned to the complaint by the Clerk at commencement of the action should be affixed to this summons before it is served.

## RETURN OF SERVICE

On _____ I served a copy of the within summons, together with a copy of the complaint in this action, upon the
   (Date of Service)

within name defendant, in the following manner (see Rule 4 (d) (1-5)):

_____
(Signature)

_____
(Name and Title)

_____
(Address)

Note: (1) The person serving the process shall make proof of service thereof in the court and to the party or his attorney. As the case may be, who has requested such service. Proof of service shall be made promptly and in any event within the same time during which the person served must respond to the process. Rule 4(f).

(2) Please place date you make service on defendant in the box on the copy served on the defendant, on the original returned to the court and on the copy returned to the person requesting service or his attorney.

(3) If service is made at the last and usual place of abode, the officer shall forthwith mail first class a copy of the summons to such last and usual place of abode, and shall set forth in the return the date of mailing and the address to which the summons was sent (G.L.c223, sec. 31).

# CIVIL COVER SHEET

JS 44
(Rev 07/86)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I(a) PLAINTIFFS**
James Silcox
Janet Silcox.

**DEFENDANTS**
Interstate Brands Corporation

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)
Norfolk County, Massachusetts

**COUNTY IN RESIDENCE OF FIRST LISTED DEFENDANT** _____ (IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
David S. Slutsky, Esq.
Slutsky & Slutsky
450 Pleasant Street, Suite 6
Brockton, Massachusetts 02301
508-587-3300

**ATTORNEYS (IF KNOWN)**
Robert L. Harris, Esq.
Brown Rudnick Berlack Israels LLP
One Financial Center
Boston, Massachusetts 02111
617-856-8200

Scott C. Hecht, Esq.
Stinson Morrison Hecker LLP
1201 Walnut, Suite 2200
Kansas City, Missouri 64106-2150
816-842-8600

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
ERISA § 502(A) claim for benefits under ERISA plan and/or for other equitable relief

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med Malpractice | ☐ 620 Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 630 Liquor Laws | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates, etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt Relations | ☐ 861 HIA (13951) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | | ☐ 863 DIWC (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 740 Railway Labor Act | ☐ 863 DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 Habeas Corpus | ☒ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 550 Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | | | ☐ 871 IRS – Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | | | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23
DEMAND $20,000
Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
NONE
JUDGE _____ DOCKET NUMBER _____

DATE **August 25, 2004**
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT NO. _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) James Silcox, et al v. Interstate Brands Corporation

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.
            *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   N/A

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES    (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
   YES    (NO)

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   YES    (NO)

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
   YES    (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
   YES    (NO)

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
      EASTERN DIVISION      CENTRAL DIVISION      WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
      (EASTERN DIVISION)    CENTRAL DIVISION      WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Robert L. Harris, Esq., Brown Rudnick Berlack Israels LLP
ADDRESS          One Financial Center, Boston, MA 02111
TELEPHONE NO.    (617) 856-8155

(Cover sheet local.wpd - 11/27/00)