IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES SILCOX AND JANET SILCOX,<br><br>Plaintiffs,<br><br>v.<br><br>INTERSTATE BRANDS CORPORATION,<br><br>Defendant | Civil Action No. 04-CV-11848 DPW |

## ANSWER

For its Answer to plaintiffs' Complaint, defendant Interstate Brands Corporation ("IBC") states and avers the following.

1. IBC lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint and, therefore, denies those allegations.

2. IBC lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint and, therefore, denies those allegations.

3. IBC admits the allegations of paragraph 3 of the Complaint.

4. With respect to the allegations of paragraph 4 of the Complaint, IBC that plaintiff James Silcox retired from IBC, effective April 19, 2000, and from April 19, 2000, through December 31, 2003, plaintiffs were not required to pay any portion of the cost of benefits for health care coverage for them under the Interstate Brands Companies Employee Welfare Benefit Plan (the "Plan"). IBC denies all other allegations of that paragraph.

5. IBC admits the allegations of paragraph 5 of the Complaint.

1

6. IBC denies the allegations of paragraph 6 of the Complaint.

7. IBC denies the allegations of paragraph 7 of the Complaint and opposes the prayer for relief following thereafter.

8. IBC incorporates its responses to paragraphs 1-7 of the Complaint in response to paragraph 8 of the Complaint.

9. IBC denies the allegations of paragraph 9 of the Complaint.

10. IBC denies the allegations of paragraph 10 of the Complaint.

11. IBC denies the allegations of paragraph 11 of the Complaint and opposes the prayer for relief following thereafter.

### First Defense

12. Plaintiffs' Complaint, and each Count thereof, fails to state a claim upon which relief may be granted.

### Second Defense

13. Each Count or claim within the Complaint "relates to" an "employee welfare benefit plan," as that term is defined in section 3(1) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"). *See* 29 U.S.C. § 1002(1). As a result, each Count or claim within the Complaint is preempted by ERISA § 514(a). 29 U.S.C. § 514(a).

### Third Defense

14. Plaintiffs' only valid claims, if any, arise under ERISA § 502(a), 29 U.S.C. § 1132(a). ERISA provides for relief in the form of benefits due and equitable relief, and it does not provide for compensatory or punitive damages. Any demand by plaintiff for compensatory or punitive damages must be dismissed.

### Fourth Defense

15.  Plaintiffs' only valid claims, if any, arise under ERISA § 502(a), 29 U.S.C. § 1132(a). ERISA does not provide for a trial by jury, and, otherwise, there is no right to trial by jury of this ERISA matter. The Court should dismiss any request for a jury trial.

### Fifth Defense

16.  Plaintiff may have failed to exhaust internal Plan remedies for all or part of his claim, and/or as to evidence or arguments that he may seek to present here.

### Sixth Defense

17.  The alleged actions of IBC were justified by, and consistent with, the terms of the applicable plan documents and any other duties owed by IBC under ERISA or other federal, state or common law.

### Seventh Defense

18.  IBC reserves the right to assert additional defenses and matters of avoidance as may be disclosed during the course of subsequent investigation and discovery.

WHEREFORE, IBC requests that plaintiff's Complaint be dismissed with prejudice, that judgment be entered against plaintiff's Complaint, that IBC be awarded the costs of this action and attorneys' fees pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1), and that IBC be awarded such other and further relief as the Court deems just and appropriate.

INTERSTATE BRANDS CORPORATION,
By their attorneys,

By: _____
Robert L. Harris, Esq. (BBO#644829)
BROWN RUDNICK BERLACK
ISRAELS LLP
One Financial Center
Boston, Massachusetts 02111
(617) 856-8200

and

Scott C. Hecht, Esq.
STINSON MORRISON HECKER LLP
1201 Walnut Street, Suite 2200
Kansas City, Missouri 64106-2150
(816) 842-8600 Telephone
(816) 691-3495 Facsimile
shecht@stinson.com

Dated: September 1, 2004

## CERTIFICATE OF SERVICE

I, Robert L. Harris, hereby certify that a copy of the foregoing Answer was mailed, postage prepaid to:

David S. Slutsky, Esq.
Slutsky & Slutsky,
450 Pleasant Street, Suite 6,
Brockton, Massachusetts, 02301

_____
Robert L. Harris

#1296126 v\1 - harrisrl - rs3$01!.doc□ - 21263/2